## JONES and others *v.* STEAM STONE CUTTER Co.

*(Circuit Court, D. Vermont.* May 29, 1884.)

VENDOR AND VENDEE—NOTICE OF INCUMBRANCE—IMPROVEMENTS—REV. LAWS VT. § 126.

One who takes a deed for an incumbered piece of property, knowing it to be so, in the faith that his grantor will relieve it of the incumbrance, does so at his peril, and he cannot, by the laws of Vermont, recover of his ejector compensation for the improvements he has made upon it.

At Law.

*William Batchelder,* for plaintiffs.

*Aldace F. Walker,* for defendant.

WHEELER, J. This is a declaration for betterments, filed according to the statutes of the state, after judgment in ejectment, in favor of this defendant, against the plaintiffs at the last term. Rev. Laws, Vt. § 1261. The issue has been heard by the court, upon the waiver of a jury, and involves the right to maintain the declaration which is the chief matter in controversy. The right to maintain the action depends wholly upon the statutes of the state. *Griswold* v. *Bragg,* 18 Blatchf. 202. These statutes give the right to the defendant in ejectment, against whom a recovery has been had, to recover of the plaintiff the value of improvements made by the defendant, or those under whom he claims, upon the land, if he has or they have purchased the lands, "supposing the title to be good in fee." Rev. Laws Vt. § 1260. These plaintiffs purchased the lands of the Windsor Manufacturing Company. They were subject to a lien in the nature of an attachment, held by this court to be valid, and upon which the recovery in ejectment has been had. *Steam Stone Cutter Co.* v. *Sears,* 20 Blatchf. 23; S. C. 9 FED. REP. 8; *Steam Stone Cutter Co.* v. *Jones,* 13 FED. REP. 567. These plaintiffs knew, at the time of their purchase, of this attachment. It was mentioned as an incumbrance, and covenanted against, in their deed. They testify that they supposed the Windsor Manufacturing Company would make the title good, and do not testify that they supposed the attachment was invalid. It seems quite clear upon the evidence that they relied upon the covenant of their grantor, and the ability of the grantor to relieve the property from the attachment, either by defeating the suit in which the attachment was made, or by satisfying the judgment, if one should be recovered, rather than the title of their grantor as against the attachment. They purchased supposing the title to be subject to the attachment, instead of supposing it to be good in fee, as the statute requires to entitle them to maintain this claim. They do not lose the land by the failure of a title which they supposed to be good, but by the failure of the Windsor Manufacturing Company to keep good a title which they knew was liable to turn out to be bad. This is a rule of property to be governed by the

laws of the state, but the decisions of the courts of the state most favorable to, and most relied upon to support, the claims of these plaintiffs, only give countenance to recoveries for betterments made under a title supposed to be good in itself. *Brown* v. *Storm*, 4 Vt. 37; *Whitney* v. *Richardson*, 31 Vt. 300. The faith which these statutes vindicate must rest upon the title, and its inherent strength to withstand attack, and not upon covenants or other undertakings to maintain. The result is there must be judgment for this defendant upon this declaration. These plaintiffs will have left to them, apparently, all the remedies which they supposed they had against the Windsor Manufacturing Company. If those remedies fail of substantial result for want of pecuniary responsibility of that company, these plaintiffs, and not these defendants, trusted to that responsibility in this respect, and it is more just that they should stand the loss.

Judgment for defendant on declaration for betterments, with costs.

See *Griswold* v. *Bragg*, 6 FED. REP. 342.